RECEIVED

JUL 13 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOWANN ANDRADE,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 14-0229 (AET)<br><br>**OPINION** |

APPEARANCES:

DOWANN ANDRADE, Petitioner pro se
63175-050
FCI/CMU Terre Haute
PO Box 0033
Terre Haute, Indiana 47808

JENNIFER LYNN DAVENPORT, Esq.
UNITED STATES ATTORNEY'S OFFICE
402 East State Street
Room 430
Trenton, New Jersey 08608
    Attorney for Respondent United States of America

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

    Dowann Andrade ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. Petition, Docket Entry 1. Respondent United States of America ("Respondent") opposes the motion. Answer, Docket Entry 6. For the reasons stated herein, Petitioner's motion is denied, and no certificate of appealability will issue.

## II. BACKGROUND

Petitioner was originally charged in a four-count indictment to three crack cocaine offenses and one firearms offense. Petitioner subsequently entered into a plea agreement with the United States in which he agreed to plead guilty to conspiracy to distribute and possess with the intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four).

On April 26, 2011, Petitioner appeared before the Court and filed an application to plead guilty. The Court reviewed the plea agreement with Petitioner and engaged in a Rule 11 colloquy in order to ensure his plea was knowing, intelligent, and voluntary. Plea Transcript, Respondent's Exhibit C, Docket Entry 6-4. Petitioner acknowledged that he faced up to 40 years as well as fines and special assessments on each count. *Id.* at 7:13-18. In the course of discussing the possible sentencing exposure, the parties informed the Court that the plea agreement called for an offense level of 23, but the criminal history category would be determined by Probation and the Court. *Id.* at 19:16-21. The plea agreement contained a waiver of appellate rights, but the parties agreed the criminal history category was exempt from the waiver. Plea Agreement, Respondent's Exhibit E,

2

Docket Entry 6-6 at Schedule A ¶ 10; Plea Transcript at 20:7-8. After Petitioner provided a factual basis for his plea, the Court found that he was knowingly, intelligently, and voluntarily pleading guilty. Plea Transcript at 18:8-12.

Petitioner appeared for sentencing on December 5, 2011. Sentencing Transcript, Respondent's Exhibit A, Docket Entry 6-2. The Probation Office had calculated the offense level to be 25 and the criminal history category as V, resulting in a guideline range of 100-125 months. PSR ¶ 139. Counsel for petitioner objected to the calculations as the plea agreement had contemplated an offense level of 23, and it was Petitioner's position that two state court convictions should not have been included in the criminal history calculation.[1] The Court accepted the offense level stipulated in the plea agreement and heard argument regarding the criminal history category. Sentencing Transcript at 6:7-10.

In 2008, Petitioner had been convicted of two offenses under New Jersey's Megan's Law, N.J. STAT. ANN. § 2C:7-1 et seq., for a violating a special condition and failing to register (collectively "Megan's Law convictions"), and Probation assigned each violation a point for purposes of calculating the criminal

---

[1] Petitioner also objected to the inclusion of an offense from 1992, however the Court will focus on the 2008 convictions as the 1992 conviction is not a part of the instant § 2255 motion.

history category. PSR ¶¶ 89-91. Counsel asserted these convictions were at most technical violations as opposed to serious violations. Sentencing Transcript at 10:14-23. He asked the Court to discount the two Megan's Law convictions and adjust the criminal history category accordingly.[2] The Court determined "no more than one of the criminal history points - or the points that were assessed for [the Megan's Law convictions] could be subtracted. And that would not change his criminal history from 5 to 4." *Id.* at 37:20-23. The resulting guideline range for an offense level of 23 and a criminal history category of V was 84-105 months. *Id.* at 39:3-9. The Court concluded a mid-guideline sentence was appropriate and sentenced Petitioner to 92 months imprisonment. *Id.* at 40:1-4.

Petitioner appealed to the Third Circuit raising two arguments: the Megan's Law convictions should have been excluded from the criminal history calculation under U.S.S.G. § 4A1.2(c), and "[t]he Fifth Amendment prohibits Double Jeopardy in the form of additional punishment for the same Megan's Law offense." Petitioner's Appellate Brief, Respondent's Exhibit D, Docket Entry 6-5 at 3. The Court of Appeals rejected both arguments and affirmed the sentence. *United States v. Andrade*, 510 F. App'x

---

[2] Probation assessed a total of 11 points to Petitioner's criminal history, resulting in level V. The point total would have been 9 without the two Megan's Law convictions, which would have reduced the criminal history category to IV.

127 (3d Cir. 2013). Petitioner thereafter filed this § 2255 motion.

Petitioner raises five grounds for this Court's consideration: (1) that the trial court erred by accepting his plea when the Government did not inform him that it would seek an "enhanced sentence" using the Megan's Law convictions; (2) the trial court erred by "double counting" the Megan's Law convictions; (3) the trial court violated the Fifth, Sixth, Eighth, and Fourteenth Amendments; (4) the trial court "misused" the sentencing guidelines by increasing his criminal history category using the Megan's Law convictions; and (5) trial counsel was ineffective for failing to "properly direct the Court to the facts that the Petitioner had taken the plea based on an agreement that was made NOT on information that was based on a TECHINCAL & UNDISCRIBED [sic] event that the Petitioner had no knowledge of would in fact place him in a far worst [sic] or more detramental [sic] position than he was already facing for his guilty plea that he had entered into with the government; which in fact had him to accept the plea deal under pretenses." Petition ¶ 12(a)-(e) (emphasis in original).

On February 6, 2014, the Court advised Petitioner of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and ordered him to inform the Court within 45 days as to whether he wanted to proceed on his motion as filed, or withdraw

5

the motion and file a new one subject to the one-year statute of limitations. *Miller* Order, Docket Entry 3. Petitioner responded that he wanted to proceed on the motion as filed, Docket Entry 4, and the Court directed Respondent to answer, Docket Entry 5.

Respondent answered on April 11, 2014, Docket Entry 6, and Petitioner did not file a traverse. The motion is now being considered on the papers as the record conclusively shows Petitioner is not entitled to an evidentiary hearing or relief. Fed. R. Civ. Pro. 78(b); 28 U.S.C. § 2255(b).

### III. DISCUSSION

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to

6

relief because his arguments lack merit. Therefore, the Court denies the § 2255 motion without an evidentiary hearing.[3]

## A. Issues Raised on Direct Appeal

Grounds Three[4] and Four concern the propriety of including the Megan's Law convictions as part of the calculation of Petitioner's criminal history category and were addressed by the Third Circuit on direct appeal. Petitioner argued before the Third Circuit that "the District Court should not have awarded him any criminal history points for his two violations of Megan's Law [and] the District Court's assignment of criminal history points for these convictions violates the Double Jeopardy Clause of the Fifth Amendment." *United States v. Andrade*, 510 F. App'x 127, 129 (3d Cir. 2013). The court concluded both arguments were meritless and that the Megan's Law convictions were appropriately used to calculate Petitioner's criminal history category. *Ibid.*

Section 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (internal citations and quotation marks omitted); *see also United States*

---

[3] Petitioner's request for the appointment of counsel is therefore moot.
[4] Ground Three alleges his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated. Only the Fifth Amendment Double Jeopardy claim was raised on direct appeal. The challenges under the other amendments will be considered separately.

*v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (noting "issues resolved in a prior direct appeal will not be reviewed again by way of § 2255 motion"). As the Third Circuit has already reviewed and dismissed these arguments as meritless, Petitioner is not entitled to relief under § 2255 on these grounds.

## B. Acceptance of Plea

In Ground One, Petitioner argues the Court erred in accepting his guilty plea as he was "DENIED all of the bases to the agreement therein[,]" since "there was no given instructions nor negotiation that the Gov't would request the Court to enhance the Petitioner's sentence based on 2 TECHINCAL UNDISCRIBED [sic] challenged charges . . . ." Petition ¶ 12(a) (emphasis in original). The Court construes this argument as alleging Petitioner did not knowingly and voluntarily plead guilty.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Before a District Court may accept a guilty plea, it must personally inquire whether the defendant "understands the nature of the charge against him and whether he

8

is aware of the consequences of his plea." *McCarthy v. United States*, 394 U.S. 459, 464 (1969) (citing Fed. R. Crim. Pro. 11).

Primarily, this claim is procedurally barred as Petitioner did not challenge the voluntariness of his plea on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (noting "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *see also Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985) ("A section 2255 petition is not a substitute for an appeal."). "In this case, petitioner contested his sentence on appeal, but did not challenge the validity of his plea. In failing to do so, petitioner procedurally defaulted the claim he now presses on [the Court]." *Bousley*, 523 U.S. at 621. Petitioner may only raise this claim if he can show cause and prejudice or actual innocence. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Bousley*, 523 U.S. at 622-23. Petitioner does not argue he is actually innocent of the charges to which he pled guilty, and nothing in the motion sufficiently demonstrates cause and prejudice. This claim is therefore barred.

However, this claim would fail on its merits even if Petitioner had not procedurally defaulted. The plea agreement itself contained no stipulation as to Petitioner's criminal history category, and it specifically noted that the parties

9

"reserve[d] any right they may have . . . to appeal the sentencing court's determination of the criminal history category." Plea Agreement, Schedule A ¶ 10. The absence of a stipulated criminal history category and the specific reservation of the right to appeal the criminal history determination served to put Petitioner on notice that his criminal history would be a point of contention at sentencing.

Furthermore, the Court conducted an extensive colloquy with Petitioner in accordance with Rule 11 in order to ensure he understood the plea agreement, the rights he was waiving, and the maximum possible penalties. *See generally* Plea Transcript. As part of the review of the plea agreement and the possible sentencing exposure, the Court specifically inquired into whether Petitioner's criminal history had been discussed. *Id.* at 7:22 to 8:20. Trial counsel put forth his position that the history would fall within level III, *id.* at 8:9, and the Government later explicitly stated "we haven't stipulated anything on criminal history category. [W]e just have agreed that it be an offense level of 23, and leave the category up to the Probation Office and the Court, of course." *Id.* at 19:16-20. The Court specifically highlighted the possibility that the criminal history category could end up being greater than level III, at which time the Government reaffirmed that Petitioner "would always be able to challenge the determination of the

10

criminal history category." *Id.* at 20:5-8. Significantly, Petitioner never informed the Court that the Government's representations were contrary to his understanding of the plea agreement even though the Court had instructed Petitioner to inform the Court if "there's anything that's being said now that is a shock to you, or you don't know about, you never heard it before." *Id.* at 9:4-6. Petitioner had sufficient notice that the extent of his criminal history was at issue, making his guilty plea knowing, intelligent, and voluntary. He is not entitled to relief under the Due Process Clause.

## C. Double Counting

In Ground Two, Petitioner argues the Court impermissibly double counted the Megan's Law violations

> when New Jersey had no admin. force to enforce violations. Under the "Megan['s] Law" statute, N.J.S.A. 2C:7-2 et seq., the New Jersey law does not provide for any type of person to be in compliance through the normal channels of the [Sex Offender Registration and Notification Act] or [Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking] programs that are in place for most states. In fact the registration process for New Jersey under "Megan['s] Law" excuses non-compliance w/ the registration requirement only in uncontrollable circumstances.

Petition ¶ 12(b). In addition to not having been raised on direct appeal, this argument is meritless. Petitioner's previous convictions were not double counted at sentencing. They were only considered for the purposes of determining the criminal

history category, which the Third Circuit held was permissible. Petitioner is not entitled to relief on this basis.

### D. Cruel and Unusual Punishment

Ground Three includes an argument that the sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment as "[t]here are no justifications on these violations to have taken place based on what was suppose[d] to had been [sic] a standard plea that turned sour." Petition ¶ 12(c). Again, this argument was not raised on direct appeal, and is in any event meritless. The Court of Appeals determined the criminal history category was calculated correctly, and Petitioner was given a mid-guidelines sentence. There is no support for Petitioner's conclusory statement that the Eighth Amendment was violated.

### E. Ineffective Assistance of Counsel

Petitioner also argues trial counsel rendered ineffective assistance when he failed to "properly direct the Court to the facts that the Petitioner had taken the plea based on an agreement that was made NOT on information that was based on a TECHINCAL & UNDISCRIBED [sic] event that the Petitioner had no knowledge of would in fact place him in a far worst [sic] or more detramental [sic] position than he was already facing for his guilty plea that he had entered into with the government; which in fact had him to accept the plea deal under pretenses."

12

Petition ¶ 12(e) (emphasis in original). In other words, Petitioner asserts counsel was ineffective for failing to tell the Court that Petitioner pled guilty based on an agreement that did not factor in the Megan's Law convictions.

The Sixth Amendment right to counsel extends to the plea-bargaining process, *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), and claims arising out the plea process are governed by the two-part *Strickland* test,[5] *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "The first part of the *Strickland* test requires 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Bui*, 795 F.3d 363, 366 (3d Cir. 2015) (quoting *Strickland*, 466 U.S. at 687). To satisfy the second "prejudice" prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Petitioner cannot establish that his counsel's performance fell below an objective standard of reasonableness as the record conclusively demonstrates there was never an agreement as to

---

[5] *Strickland v. Washington*, 466 U.S. 668 (1984).

13

Petitioner's criminal history category. As previously noted, the plea agreement was silent on the criminal history category, except for exempting the determination from the appellate waiver provision. Plea Agreement, Schedule A ¶ 10. The Government explicitly stated at the Rule 11 hearing that no agreement had been made as to the criminal history category, and Petitioner did not contradict that representation at that time or at sentencing. Counsel cannot have erred by failing to alert the Court to an agreement that never existed.

Petitioner also asserts trial counsel was ineffective for failing to obtain *Brady*[6] evidence "that would of given rise or indication that the government would be using [the Megan's Law convictions] to enhance or increase his Criminal History Points, which were not discussed nor negotiated upon." Petition ¶ 12(e). This argument is meritless as there was no *Brady* evidence to disclose. *Brady* requires the Government to provide the defense with all material exculpatory evidence; it does not concern the use of past convictions at sentencing. Petitioner was aware of his criminal record and that it would be an issue at sentencing. Therefore, there was nothing to disclose, and trial counsel was not ineffective.

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

14

**F. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied. No certificate of appealability shall issue. An accompanying Order will be entered.

July 7, 2016
Date

ANNE E. THOMPSON
U.S. District Judge

15